UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
25 WANSER LLC, and
40 BAYVIEW LLC,

                         Plaintiffs,

     -against-

THE TOWN OF HEMPSTEAD,
THE TOWN BOARD OF THE
TOWN OF HEMPSTEAD, and
JOHN/JANE DOE #1 through
JOHN/JANE DOE # 10,

                Defendants.
-------------------------------------------------X

                                    <u>ORDER</u>
                                    25-CV-5824(JS)(AYS)

APPEARANCES

For Proposed
Intervenor Martin
Oliner:              Stephen Wagner, Esq.
                  M. David Possick, Esq.
                  Cohen Tauber Spievack & Wagner P.C.
                  420 Lexington Avenue, Suite 2400
                  New York, New York 10170

For Defendants
Town of Hempstead
and the Town
Board of the Town
of Hempstead:      Stanley A. Camhi
                  Jaspan Schlesinger Narendran LLP
                  300 Garden City Plaza, 5th Floor
                  Garden City, New York 11530

SEYBERT, District Judge:

         Pursuant to Rule 72(b) of the Federal Rules of Civil

Procedure, Proposed Intervenor Martin Oliner ("Proposed

1

Intervenor") objects to Magistrate Judge Anne Y. Shields's May 26, 2026 Report and Recommendations ("R&R," ECF No. 41), which recommends denying Proposed Intervenor's Motion to Intervene. (See Obj., ECF No. 43; see also Motion, ECF No. 26; Support Memo, ECF No. 26-1.) Plaintiffs 25 Wanser LLC and 40 Bayview LLC ("Plaintiffs") and Defendants Town of Hempstead and Town Board of the Town of Hempstead ("Defendants," collectively with Plaintiffs, the "Parties") oppose the Motion and have filed separate replies to Proposed Intervenor's Objection.[1]   (See Opp'n, ECF No. 42; Defs.' Reply, ECF No. 44.) Because Proposed Intervenor has not identified a protectable interest warranting intervention as of right or a persuasive basis for permissive intervention, the Court OVERRULES his Objection and DENIES the Motion.

BACKGROUND

I.   Facts

As Judge Shields provided in the R&R:

> Plaintiffs, 25 Wanser LLC and 40 Bayview LLC ("Plaintiffs"), are real estate developers who seek to build a 300-plus unit mixed-use residential building in North Lawrence, New York (the "Project"). (Compl. ¶ 29.) On May 27, 2019, Defendant Town of Hempstead (the "Town"), through Defendant The Town Board of the Town of Hempstead (the "Board"), adopted

---

[1] On June 23, 2026, Plaintiffs filed a Reply. (See ECF No. 45.) The Reply was filed by Attorney Colleen P. Collins, the Chief Legal Officer of Plaintiffs, who has not filed a Notice of Appearance in this Action. Plaintiffs have counsel of record, who did not file a Reply. Accordingly, Plaintiffs' Reply has not been considered by the Court.

2

legislation entitled "Transit Oriented Development and Related Districts for North Lawrence and Inwood["] (the "TOD Ordinance"), which established a Transit Oriented Development District ("TOD District") permitting mixed-use, high density residential developments in a 73.2-acre area in the overlay district of North Lawrence and Inwood. (Id. ¶¶ 26-27, 45.) The TOD Ordinance provided for an expedited approval process for applicant developers, which was intended to reduce project time and costs. (Id. ¶ 56.)

Over the next three years, and in reliance on the TOD Ordinance, Plaintiffs sought to advance their development plans in the TOD District, ultimately submitting their project application with the Town on February 18, 2022. (Id. ¶¶ 60-74.) During that time, however, it became apparent to the Town that the review procedure set forth in the TOD Ordinance was insufficient to ensure that a "hard look" was taken regarding the environmental impacts that the high-density, mixed-use development would have on the local community and surrounding areas. (Def. Mem. of Law 5.) On September 20, 2022, the Town enacted a moratorium on development in the TOD District and retained the services of Nelson Pope Voorhis, an environmental planning firm, to conduct a further review and analysis of the TOD Ordinance. (Compl. ¶¶ 91, 110.)

The moratorium was set to expire on June 18, 2024. Prior to its expiration, on June 2, 2024, the Board scheduled a public hearing on a proposed action to repeal the TOD Ordinance while allowing previously submitted project applications, such as Plaintiffs', to still be considered (the "Grandfathered-In Clause"). (Id. ¶ 109.) On November 19, 2024, the Board voted unanimously to repeal the TOD Ordinance without the Grandfathered-In Clause. (Id. ¶ 142.)

In June 2025, Plaintiffs initiated two Article 78 proceedings against the Town in New York Supreme Court. (Id. ¶ 158.) The first sought

3

to compel the Town to review and act upon Plaintiffs' permit application in accordance with the TOD Ordinance. The State Court found in Plaintiffs' favor in that action. (Id. ¶¶ 159-61.) The Town timely filed a Notice of Appeal and asserted its right to a stay of the State Court's directives pending appeal. (Def. Mem. of Law 6.)

The second Article 78 proceeding sought an order declaring the repeal of the TOD Ordinance null and void for failure to comply with New York General Municipal Law § 239-m prior to its adoption. (Compl. ¶ 162.) Again, the State Court decided in Plaintiffs' favor and again, the Town appealed. (Id.; Def. Mem. of Law 7.)

Plaintiffs commenced the within action on October 17, 2025, pursuant to 42 U.S.C Section 1983, asserting claims for violations of the Takings Clause and the Equal Protection Clause under the Fourteenth Amendment, as well as both substantive and procedural due process violations and First Amendment retaliation. Plaintiffs seek solely money damages and do not request any declaratory or injunctive relief.

On January 13, 2026, Proposed Intervenor Oliner filed the within motion to intervene herein as a defendant, pursuant to Rule 24 of the Federal Rules of Civil Procedure. (Docket Entry ("DE") [26].) Oliner is the former Mayor of Lawrence, New York as well as a resident who lives in close proximity to Plaintiffs' proposed project site. (Oliner's Mem. of Law 1.) Oliner asserts as grounds for his motion that he has a significant, protectable interest in preventing the Project from moving forward and that the Town and the Board are not adequately representing this vital interest. (Id. 2.) Plaintiffs and Defendants oppose Oliner's motion.

(R&R at 1-3.) Proposed Intervenor's Objection adopts the above factual summary by reference, but also adds the state court denial

4

of the TOD Ordinance was "on purely procedural grounds arising from the Town's failure to comply with New York General Municipal Law § 239-m's referral requirements." (Obj. at 2.)

## II.   The R&R

On May 26, 2026, Judge Shields issued the R&R. (See Generally R&R.) Judge Shields first explained Rule 24(a)(2) requires a court to permit intervention where a proposed intervenor:

> (1) files a timely motion, (2) claims 'an interest relating to the property or transaction that is the subject of the action,' and (3) 'is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest,' [and] (4) 'unless existing parties adequately represent that interest.'

(R&R at 4 (quoting FED. R. CIV. P. 24(a)(2); SEC v. Xia Yue, No. 21-CV-5350, 2026 WL 872956, at *2 (E.D.N.Y. Mar. 30, 2026).)

Applying these factors, Judge Shields determined Proposed Intervenor lacked a cognizable interest required for mandatory intervention under Rule 24(a)(2). (R&R at 5-6.) Emphasizing that Plaintiffs seek only money damages—and not declaratory or injunctive relief needed to resume development of the project—Judge Shields explained Proposed Intervenor's asserted interests in "zoning, land use, traffic patterns, environmental quality, and character of his community" were insufficient under

5

the Rule.  (Id.) Judge Shields further found Proposed Intervenor failed to demonstrate any entitlement to money damages, the sole relief sought in this Action.  (Id.)

Judge Shields also recommended denying permissive intervention under Rule 24(b), which allows intervention where the proposed intervenor's claim or defense shares a common question of law or fact with the main action.  (Id. at 7.) Proposed Intervenor's stated concerns—including "support[ing the] voice of the residents of Lawrence and Inwood" and "restor[ing] public faith in democracy"—were deemed "extraneous." (Id. (quoting United States v. City of N.Y., 198 F.3d 360, 367 (2d Cir. 1999)).) Accordingly, Judge Shields determined permitting intervention on this basis would unduly delay adjudication of the Parties' rights, the principal discretionary consideration under Rule 24(b).  (Id. at 7-8.)

## III. Objection and Opposition

On June 9, 2026, Proposed Intervenor filed a timely Objection to Judge Shields's R&R, continuing to assert interests in "zoning, land use, traffic, environmental quality, and community character."  (Obj. at 3.) He primarily contends Judge Shields mischaracterized the Action as one for money damages, since Plaintiffs' Complaint also seeks "such other, further, or different relief as this Court deems just and proper."  (Id. at 1,

6

3-4.) He additionally argues that the true objective of Plaintiffs' Action is not "money damages for purported constitutional violations," but rather to use "constitutional litigation to pressure the Town into permitting a 300-plus unit high-density development that the Town's own expert found environmentally deficient and that thousands of residents have opposed." (Id. at 1, 4.) Proposed Intervenor also objects to Judge Shields's recommendation regarding permissive intervention under Rule 24(b), principally arguing that the R&R adopts an overly technical reading of the phrase "claim or defense." (Id. at 6.)

On June 18, 2026, Defendants filed their response to Proposed Intervenor's Objection, and on June 23, 2026, Plaintiffs filed a separate response. (See generally Defs.' Reply and Pls.' Reply.) Both urge the Court to adopt the R&R in its entirety. (Id.) As noted (see supra note 1), the Court declines to consider Plaintiff's response.

DISCUSSION

I.   Applicable Law

A. Report and Recommendations

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED R. CIV. P. 72(b)(3). A party objecting to an R&R "must lodge a specific objection to

7

some specific aspect of the R&R," and "[w]hen a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge, the district judge must review those arguments de novo." Nambiar v. Cent. Orthopedic Grp., LLP, 158 F.4th 349, 361 (2d Cir. 2025). The Court need not review the findings and conclusions to which no proper objection has been made, and an objection "may not simply rest on the briefs considered by the magistrate judge." Id.; Thomas v. Arn, 474 U.S. 140, 150 (1985).

B. Intervention

As Judge Shields correctly stated:

Rule 24(a)(2) sets forth a four-part test for intervention as of right, stating that the Court "must permit anyone to intervene" who (1) files a timely motion, (2) claims "an interest relating to the property or transaction that is the subject of the action," and (3) "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," (4) "unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2); see also SEC v. Xia Yue, No. 21-CV-5350, 2026 WL 872956, at *2 (E.D.N.Y. Mar. 30, 2026). All four parts of the foregoing test must be met for intervention as of right. See John Wiley & Sons, Inc. v. Book Dog Books, LLC, 315 F.R.D. 169, 175 (S.D.N.Y. 2016) (citing United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994)).

Under Rule 24(b)(1)(B), which provides for permissive intervention, a court "may permit anyone to intervene who has a claim or defense

that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). "A motion for permissive intervention, like one for intervention of right, must be timely." SEC v. Euro Sec. Fund, No. 98-CV-7347, 2006 WL 1461776, at *4 (S.D.N.Y. May 30, 2006) (quoting Catanzano By Catanzano v. Wing, 103 F.3d 223, 224 (2d Cir. 1996)). "In exercising its broad discretion under Rule 24(b), a court considers the same factors that it considers for intervention as of right." Innovation Ventures LLC v. Pittsburg Wholesale Grocers Inc., No. 13-CV-6397, 2019 WL 4805041, at *2 (E.D.N.Y. Sept. 30, 2019) (quoting MASTR Adjustable Rate Mortg. Tr. 2006-A3 v. UBS Real Estate Secs., No. 12-CV-7332, 2013 WL 139636, at *2 (S.D.N.Y. Jan. 11, 2013)) (additional citation omitted).

Whether intervention is sought as of right or by permission, Rule 24(c) further requires the motion to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). Many courts, however, have found that "a failure to attach . . . a proposed pleading," as required by Rule 24(c), "is not fatal to the motion to intervene." Innovation Ventures, 2019 WL 4805041, at *2 (quoting N. Shore-Long Island Jewish Health Sys., Inc. v. Multiplan, Inc., No. 12-CV-1633, 2015 WL 777248, at *18 (E.D.N.Y. Feb. 13, 2015)) (additional citation omitted); see also Murray v. City of New York, No. 21 Civ. 6892, 2023 WL 3984342, at *2 n.3 (E.D.N.Y. June 13, 2023) ("Courts in this Circuit regularly excuse the failure to include a pleading with a motion to intervene.") (collecting cases).

(R&R at 4-5.)

9

II.  Application

    A.  Proposed Intervenor is Not Entitled to Mandatory
        Intervention

        Proposed Intervenor's Objection does not establish a protectable interest under Rule 24(a).  In an attempt to characterize this Action as anything other than a money-damages case, Proposed Intervenor argues the Complaint's boilerplate request for "such other, further, or different relief as this Court deems just and proper" demonstrates that Plaintiffs seek more than monetary relief.  (Obj. at 3 (citing Compl. pp. 48).) However, Proposed Intervenor cites to no authority indicating such a brief, boilerplate sentence included at the end of a money-damages Complaint can transform an action into one for declaratory or injunctive relief for purposes of an intervention motion.  Nor does a fair reading of the Complaint suggest this Action seeks such relief.  Rather, as is plain from its text, the causes of action listed in Plaintiffs' Complaint each include attempted computations for monetary damages, thereby underscoring Plaintiffs' desire for money damages.  (See Compl. ¶¶ 176-257.)

        Proposed Intervenor's argument that "[c]ourts have recognized that the proper inquiry is not what remedy a plaintiff has chosen but what the proceeding is actually about" is likewise unavailing. (Obj. at 3-4.) This argument rests primarily on his settlement-leverage theory and reliance upon Rent Stabilization

10

Association of New York City v. State Division of Housing & Community Renewal, 252 A.D.2d 111, 115 (3d Dep't 1998). Rent Stabilization is a New York State case that did not arise under the Federal Rules of Civil Procedure, wherein a New York State court determined New York City was a necessary party in a case where the validity of one of its ordinances was being litigated by private parties. Id. Even setting aside that Rent Stabilization addressed intervention under the C.P.L.R. rather than Rule 24(a), the interest at issue there—a municipality's interest in the validity of its own ordinance—was far more direct and protectable than Proposed Intervenor's speculative concerns regarding settlement leverage. As Defendants state in their Reply, Proposed Intervenor "has not come forward with any evidence that the Town is not vigorously defending this Action or the proceedings Plaintiffs commenced in State court." (Defs.' Reply at 4.) Because Proposed Intervenor's asserted interest rests entirely upon speculation, he is not entitled to intervention as of right under Rule 24(a)(2).

B.    Permissive Intervention is Also Not Warranted

As Proposed Intervenor's cited interest is entirely speculative, he is also not entitled to permissive intervention under Rule 24(b). See Innovation Ventures LLC, 2019 WL 4805041, at *2 (courts possess "broad discretion under Rule 24(b)").

11

Proposed Intervenor's reliance on Commack Self-Service Kosher Meats, Incorporated v. Rubin, a case where several rabbis were permitted to intervene in litigation concerning New York's kosher laws, is not availing.  (Obj. at 5 (citing 170 F.R.D. 93, 106 (E.D.N.Y. 1996)).)  In Commack Kosher, the Court found the rabbis had "an interest in the enforcement and the constitutionality of the Kosher Laws."  170 F.R.D. at 106.  As in Rent Stabilization, the interest asserted in Commack Kosher did not depend upon speculation about litigation theories or reading into the parties' motivations.  Rather, the intervenors had a direct stake in each case, which respectively impacted their ordinance-making powers and religious-practice interests.  Such circumstances are not present in Proposed Intervenor's case.

Hence, upon de novo review, the Court finds the Magistrate Judge's thorough Report to be free of clear error.  Therefore, overruling Proposed Intervenor's objections to said Report, the Court adopts Judge Shields's recommendation.

## CONCLUSION

Accordingly, for the stated reasons, **IT IS HEREBY ORDERED** that Proposed Intervenor's Objection is **OVERRULED** and the Magistrate Judge's R&R is **ADOPTED** in its entirety; therefore,

12

**IT IS FURTHER ORDERED** that Proposed Intervenor's Motion (ECF No. 26) is **DENIED.**

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 30, 2026
       Central Islip, New York